## THE PEOPLE *v.* THE SAN FRANCISCO AND SAN JOSÉ RAILROAD COMPANY.

REPEAL OF A LAW.—The repeal of a law by implication is not favored.

SPECIAL SCHOOL TAX IN SAN MATEO COUNTY.—The thirty-seventh section of the Act of April 6th, 1863, authorizing a special tax for school purposes to be levied in any school district in this State, is not repealed as to the County of San Mateo by section nine of "An Act to define and limit the compensation of officers and reduce public expenses in the County of San Mateo," passed February 6th, 1864, nor by section twelve of "An Act to provide for the continuance and election of a Board of Supervisors in the County of San Mateo," etc., approved March 24th, 1864.

Appeal from the District Court, Twelfth Judicial District, San Mateo County.

This was an action brought to recover judgment for the sum of six hundred and thirty-eight dollars and ninety-seven cents, being the amount of a special tax levied for school purposes on the property of the appellant, in District Number Four, in San Mateo County, in the summer of 1864.

The defendant demurred to the complaint, the demurrer was overruled, and judgment was rendered in favor of plaintiff. The defendant appealed from the judgment.

*Charles N. Fox,* for Appellant.

By the provisions of section nine of the "Act to define and limit the compensation of officers, and reduce public expenses and taxation in the County of San Mateo," approved February 6th, 1864, (Statutes 1864, p. 51,) the power of fixing the rate of and levying *all taxes,* except State taxes, in the County of San Mateo, is conferred upon the Board of Supervisors of said county.

The Act of 1863 gives the people the right to determine whether or not the taxes shall be levied, and the Trustees the power to fix the rate and levy the tax. The later Act of 1864,

passed for the express purpose of *reducing taxation* in San
Mateo County, confers all this power upon the Board of Super-
visors, and upon no other body, officer, or organization what-
ever.   Force and effect cannot be given to both these Acts in
the County of San Mateo.

*J. G. McCullough, Attorney-General,* and *H. A. Schofield,*
*District Attorney* of San Mateo, for Respondent.

Section nine of the Act of February 6th, 1864, distinctly
provides that the school laws then in force shall not be con-
sidered as coming within the provisions of that Act.

The title of the Act of March 24th, 1864, is as follows:
"An Act to provide for the continuance and election of a
Board of Supervisors in and for the County of San Mateo, and
to define and limit the powers of said Board in certain cases."
Section twelve of said Act simply authorizes the Board of
Supervisors to levy such taxes each year as they shall deem
necessary to provide for all lawful county expenditures, not
exceeding certain rates therein specified, among which is a
school tax, twenty cents.

This district school tax is not a county tax in any sense.

By the Court, SAWYER, J.

This is an action to recover taxes levied for school district
purposes in the County of San Mateo, in pursuance of the
provisions of section thirty-seven of "An Act to provide for
the maintenance and supervision of common schools," passed
April 6th, 1863.   (Laws 1863, p. 203.)   The question is,
whether said section thirty-seven is repealed by section nine
of "An Act to define and limit the compensation of officers,
and reduce public expenses in the County of San Mateo,"
passed February 6th, 1864, and section twelve of "An Act
to provide for the continuance and election of a Board of
Supervisors in the County of San Mateo, and to define and
limit the powers and duties of said Board in certain cases,"
approved March 24th, 1864.   (Laws 1864, pp. 51, 240.)

There being no repeal in express terms, if any exists, it must result from an inconsistency in the provisions of the several Acts. Repeals by implication are not favored. The first Act relates to a particular subject, viz: the "maintenance and supervision of common schools." All of its provisions bear upon that subject.

Section thirty-seven of the Act of 1863 provides, that "the Board of Trustees of any school district may, when in their judgment it is advisable, call an election and submit to the qualified electors of the district the question whether a tax shall be raised to furnish additional school facilities for said district, or to keep any school or schools in such district open for a longer period than the ordinary funds will allow, or for building an additional school house or houses, or for any two or all of these purposes." It points out the mode of submitting the question to a vote of the people of the district, and in case the proposition is adopted, it further provides, that " The Trustees shall issue certificates of election, and the Assessor shall, on receiving his, forthwith ascertain and enroll, in the manner provided for County Assessors, all the taxable persons and property in the district, and within thirty days he shall return his roll, footed up, to the Trustees. The Trustees, upon receiving the roll, shall deduct fifteen per cent therefrom for anticipated delinquencies, and then, by dividing the sum voted, together with the estimated cost of assessing and collecting added thereto, by the remainder of the roll, ascertain the rate per cent required ; and the rate so ascertained (using the full cent in place of any fraction) shall be and it is hereby levied and assessed to, on, or against the persons or property named or described in said roll, and it shall be a lien on all such property until the tax is paid ; and said tax, if not paid within the time limited in the next succeeding section for its payment, shall be recovered by suit, in the same manner and with the same costs as delinquent State and county taxes." (Laws 1863, p. 203.)

This is a special local tax, levied not upon the property of the county at large, but confined to the school district, and

depends upon the volition of a majority of the residents of the school district whether it shall be levied or not. When levied and collected, it does not go into the County School Fund, but belongs to the school district which raised it. The county, also, has a School Fund, separate and distinct from this, which is, or may be, derived from various sources. This Act provides for appropriating the School Fund in the State Treasury among the several counties, and for paying over to the Treasurer of each county the portion of funds so appropriated to it; which sum, when paid, goes into the County School Fund. In addition to the money thus received from the State, section sixty-three authorizes a special tax to be raised by each county for the benefit of the *County* School Fund. The section is as follows: " Sec. 63. Each and every county in this State is hereby empowered and authorized to raise annually, by special tax, (in the same manner that other county taxes shall be levied,) upon all the real estate and personal property within the county, an amount of money not exceeding twenty-five cents on each one hundred dollars of valuation, for the support of public schools therein, and providing suitable houses and purchasing libraries and apparatus for such schools." (Ib. 210.) This fund belongs to the county and is under its control. But the fund authorized by section thirty-seven is—so far as the school district is concerned—in addition to the fund provided for in section sixty-three, and belongs to, and is under the control of, the school district, and neither the county or Board of Supervisors have anything to do with it. These two provisions are certainly not inconsistent with each other. They are embraced in the same Act, and operate upon different subdivisions of the State. The subsequent Acts of 1864 relate entirely to matters pertaining to the county. Section nine of the Act of February 6th, 1864, provides as follows; " The Board of Supervisors of the County of San Mateo are hereby empowered to fix the rate and levy, all taxes in said county (State taxes excepted) at any time within thirty-five days after the completion of the assessment

33

roll by the County Assessor, the rates so fixed not to exceed the limits prescribed by law." (Laws 1864, p. 51.) This provision refers to county taxes, and is intended to modify the mode of assessing and collecting the taxes as prescribed in the Revenue Act of 1861 before applicable to the County of San Mateo. Section twelve of the Act of March 24th, 1864, provides that " The Board of Supervisors of San Mateo County shall have power to levy and collect, each year, to provide for all lawful *county* expenditures, such taxes as they may deem necessary, not exceeding the following rates on each one hundred dollars valuation of all property, real and personal, within the county not exempt from taxation, namely : For the School Fund, twenty cents; for the Hospital Fund, ten cents; for interest tax, forty cents; for the General Fund, twenty-five cents." This section also contains further provisions with reference to the management of the financial affairs of the county, and limits the amount of taxes to be raised "for all lawful *county* expenditures," and the limit for the School Fund is " twenty cents " on each one hundred dollars.

The Revenue Act of 1861, section one, before authorized the Board of Supervisors to levy " a tax for county expenditures not exceeding sixty cents on each one hundred dollars," and " such *additional special* taxes as the law of the State may authorize or require." One of those special taxes subsequently authorized by the Act of 1863 was the county school tax, provided for in section sixty-three, before referred to. But section twelve of the Act of 1864, just cited, has been substituted for all these provisions, and doubtless limits the tax for the *County* School Fund to twenty cents on the hundred dollars, instead of twenty-five, the limit prescribed by section sixty-three of the Act of 1863. It is inconsistent in this respect with said section sixty-three, and as that section refers to matters pertaining to the county under the control of the Supervisors, it is to that extent, doubtless, repealed. But with the *special school district* tax, authorized by section thirty-seven, the Board of Supervisors have nothing more to do now, than they had before the passage of the several Acts of

1864. The latter Acts operate upon a different subject matter, and section thirty-seven is no more inconsistent with those provisions, than it is with section sixty-three of the Act of 1863. They can all stand and operate together. We think said section thirty-seven not repealed by the subsequent Acts.

The judgment for the taxes levied under it must therefore be affirmed, and it is so ordered.