[Crim. No. 2375. In Bank.—February 24, 1922.]

THE PEOPLE, Respondent, v. ED. R. MARTIN, Appellant.

[1] CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—NONAPPEALABLE ORDER.—An order denying a motion for an arrest of judgment is not appealable.

[2] ID. — EXTRADITION — TRIAL FOR DIFFERENT OFFENSE. — It is now settled by the great weight of authority that a person charged with crime, who is extradited from one of the several states to the one from which he was a fugitive, may be tried for any criminal charge which the latter state may have against him, even though it is distinct from the offense named in the extradition papers.

2. Right, after interstate extradition, to try prisoner for crime not designated in requisition, notes, 10 **Am. St. Rep.** 207; 3 **Ann. Cas.** 543; **Ann. Cas.** 1914B, 799.

[3] ID.—SECTIONS 777 AND 785, PENAL CODE—AMENDMENT OF 1919 TO SECTION 777.—The amendment of 1919 to section 777 of the Penal Code, referring to jurisdiction of wards of juvenile courts, merely added another exception to the general application of the section and did not repeal section 785 of said code, which declares that when the offense, either of bigamy or incest, is committed in one county and the defendant is apprehended in another, jurisdiction is in either county.

[4] ID.—REPEAL OF STATUTES—PRESUMPTIONS.—Courts do not favor repeal of statutes by implication, and the presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable or the intention to effect the repeal must be otherwise clearly expressed.

[5] ID.—EXTRADITION FOR EMBEZZLEMENT—TRIAL FOR BIGAMY—WHEN DEFENDANT APPREHENDED IN COUNTY.—Where a defendant was extradited from another state upon a charge of embezzlement to a certain county of this state and while in said county as a prisoner under such charge an amended information accusing him of bigamy was filed and he was arrested under a warrant issued in said county, he was "apprehended" in that county within the meaning of section 785 of the Penal Code and was legally triable there.

[6] ID.—JURY TRIAL—SECTION 7 OF ARTICLE I OF THE STATE CONSTITUTION—CONSTRUCTION.—The settled construction of section 7 of article I of the state constitution is that it gives a right to a trial by jury in criminal cases only where the right existed at common law and at the date of the adoption of the constitution, one of the incidents of which right is the place of trial.

[7] ID.—BIGAMY—VENUE—SECTION 785, PENAL CODE—CONSTITUTIONALITY OF.—Section 785 of the Penal Code, in so far as it provides that when the offense of bigamy is committed in one county and the defendant is apprehended in another he may be tried in either county, is in accordance with common law, does not transgress section 7 of the "Declaration of Rights," and is constitutional.

APPEAL from a judgment of the Superior Court of San Diego County. Edgar A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

4. Repeal of statutes by implication, notes, 14 Am. Dec. 209; 88 Am. St. Rep. 271; 5 Ann. Cas. 202.

A. A. Howell and Allan Brant for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

SHURTLEFF, J.—The defendant and appellant was extradited from the state of New Mexico to the county of San Diego upon a charge of embezzlement. While held in said county as a prisoner under such charge the district attorney of the county filed in said county an amended information accusing the defendant of the crime of bigamy, alleged to have been committed "on or about the 15th day of November, 1920, at the County of Orange, State of California"; the information further alleged that defendant was apprehended in said county of San Diego. Upon the trial of the bigamy charge the prosecution, after producing evidence tending to prove the allegations of the information, rested, whereupon the defendant offered to prove, *first,* that he was arrested out of the state upon the embezzlement charge and brought into San Diego County, and there held upon such charge, and while so held was arrested for the alleged bigamy; and, *second,* that after the alleged marriage in Orange County he never returned to San Diego County until extradited. To each of these offers the prosecution objected upon the ground that it was incompetent, irrelevant, and immaterial how he came into San Diego County, that the fact that he was there was sufficient, which objection was sustained. The jury found the defendant guilty as charged. In due time defendant filed a motion in arrest of judgment, and a motion for a new trial, both of which were denied, and judgment pronounced. It is from these orders and said judgment that this appeal is prosecuted. [1] The order denying the motion for an arrest of judgment not being appealable (Pen. Code, sec. 1237), may be dismissed without discussion.

The contention of defendant that, having been extradited from New Mexico on a charge of embezzlement, he could not legally be tried on the charge of bigamy without first having been given an opportunity to leave the state, cannot be sustained. [2] It is now settled by the great weight of authority that a person charged with crime, who is extradited from one of the several states to the one from which he was a fugitive, may be tried for any criminal

charge which the latter state may have against him, even though it is distinct from the offense named in the extradition papers. "Although there has long been a conflict in the decisions of courts of the several states, it is now generally accepted that a fugitive from justice, surrendered by one state upon the demand of another, is not protected from prosecution for offenses other than that for which he was surrendered, but may be tried for any crimes committed in the demanding state either before or after extradition without having been given an opportunity to leave the state." (25 Corpus Juris, p. 272, sec. 47, and cases cited.)

We pass to the consideration of the rulings of the court upon defendant's offers to prove. It is asserted that the evidence embodied in the offers was material and admissible to show that the superior court of San Diego County was without jurisdiction to try the defendant, for the reason that the bigamy, of which he was accused, was committed in Orange County. Defendant advances a number of arguments in support of this claim, some of which, it must be conceded, are not lacking in persuasive force. [3] It is claimed that section 777 of the Penal Code as amended in 1919 (Stats. 1919, p. 81), repeals section 785 of the same code, but to this we cannot assent. The material portion of section 777 as amended is: "Every person is liable to punishment by the laws of this state, for a public offense committed by him therein, . . . and except as herein otherwise provided, the jurisdiction of every public offense is in the county wherein it is committed," which language is followed with a single proviso, which alone constituted the amendment to the section, and referred to the jurisdiction of wards of juvenile courts, and is not germane to the present discussion. The above-quoted extract appeared *verbatim* in the section; indeed, it alone composed the section, prior to its amendment in 1919, and it is obvious that to have given the phrase "as herein otherwise provided," as the section originally read, any meaning or application whatever, it must be held that it had reference at least to the title and chapter of which it formed a part, and our construction is that the insertion of the proviso touching wards of juvenile courts in no manner narrowed or modified its former scope. The amendment merely added another exception to the general application of the section and did not repeal section 785, which declares that "When the offense,

either of bigamy or incest, is committed in one county and the defendant is apprehended in another, the jurisdiction is in either county." [4] Courts do not favor repeal by implication (*People* v. *San Francisco & S. J. R. Co.*, 28 Cal. 254.) "The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed" (36 Cyc. 1071), neither of which conditions is present ·here. [5] In our opinion, when the defendant was served with the warrant of arrest issued in this case in San Diego County, where he was held as a prisoner under the circumstances already narrated, he was "apprehended" in that county within the meaning of section 785 of the Penal Code just quoted, and was legally triable there, unless the section, as defendant affirms, is unconstitutional, in that it infringes the provisions of section 7 of article I of the state constitution, which declares, so far as pertinent to this inquiry, that "The right of trial by jury shall be secured to all, and remain inviolate." The settled construction of this clause of the constitution is that it gives a right to a trial by jury only in cases where the right existed at common law. In *Cassidy* v. *Sullivan*, 64 Cal. 266 [28 Pac. 234], this court said of this guarantee: "Under the provisions of other constitutions and statutes quite as broad as the clause above cited (Const., art. I, sec. 7), it has uniformly been held that the right to trial by jury was not intended to be extended to cases in which the right did not exist at common law." Likewise, in *Ex parte Wong You Ting*, 106 Cal. 296, 299 [39 Pac. 627], referring to the same provision the court declares: "It has been held to refer generally to the right of trial by jury as it existed at common law and at the time the constitution was adopted." Again, in the more recent case of *In re Mana*, 178 Cal. 213, 214 [L. R. A. 1918E, 771, 172 Pac. 986], which involved the constitutionality of the act of the legislature authorizing women to sit as jurors, we find this language: It seems "to be thoroughly settled by the unbroken line of decisions in all the states: . . . that constitutional provisions guaranteeing the right to a trial by jury establish the right to a trial by a jury as known at common law." *People* v. *Powell*, 87 Cal. 348 [11 L. R. A.

75, 25 Pac. 481], a case relied upon by appellant, is to the same effect. The latter case also holds, which is important, that many of the incidents of a common-law trial by jury are essential elements of this right, and that one of such incidents is that " '*the jury must also be summoned from the vicinage where the crime is supposed to have been committed.*' " **[6]** From what precedes, the law applicable to this branch of the case may be summarized thus: That the constitutional guarantee gives a right to a trial by jury in all criminal cases where the right existed at common law and at the date of the adoption of the constitution, one of the incidents of which right is the place of trial.

In *Barber* v. *State,* 50 Md. 161, 166, it is said: "Bigamy was not a felony at the common law; indeed, according to that law, it was not a crime of which the ordinary common law tribunals took cognizance at all. It was originally considered as of ecclesiastical cognizance exclusively." (7 Corpus Juris, p. 1158.) This statement doubtless refers to the common law in the sense that it includes certain principles, usages, and rules of action which do not rest on written law, as contradistinguished from certain written or statutory laws, which also forms part of the common law of England. (12 Corpus Juris, p. 176.)

In 1604, during the reign of James I, bigamy was made a crime cognizable in common-law courts of England by a statute which in part provided: "If any person or persons within his Majesty's dominions of England and Wales, being married, or which hereafter shall marry, do at any time after the end of the session of this present parliament, marry any person or persons, the former husband or wife being alive; that then every such offense shall be felony, and the person or persons so offending shall suffer death as in cases of felony; *and the party and parties so offending shall receive such and the like proceeding, trial and execution in such county where such person or persons shall be apprehended, as if the offense had been committed in such county where such person or persons shall be taken or apprehended.*" (1 Jac. 1, Chap. XI, 7 Stats. at Large, 88.) [Italics ours.] It was this statute that first made bigamy a felony and hence triable by a jury in a common-law court in England. The portion thereof permitting a trial in the county in which the defendant was apprehended

was re-enacted in England in 1828 in these words: "Any such offense may be dealt with, enquired of, tried, determined, and punished *in the County where the Offender shall be apprehended or be in Custody, as if the Offence had been actually committed in that County.*" (9 Geo. IV, c. 31, sec. 22, 68 Stats. at Large, 106.) [Italics ours.] Substantially the same provision was in 1861 incorporated in "An Act to consolidate and amend the Statute Law of England and Ireland relating to Offenses against the Person," as follows: "Any such Offense [bigamy] may be dealt with, inquired of, tried, determined and punished in any County or Place in England or Ireland where the Offender shall be apprehended or be in Custody, in the same Manner in all respects as if the Offense had been actually committed in that County or Place." (24 and 25 Vict., c. 100, sec. 57, 101 Stats. at Large, 425, 438.)

We have thus traced in detail the evolution of the law relating to the trial by a jury at common law of the charge of bigamy, for the purpose of showing that when first made a felony, cognizable by such tribunals, and continuously thereafter down to the time of the adoption of our constitution of 1849, from which section 7 of article I of our present constitution was taken (Const. 1849, art. I, sec. 3), the statutes of England conferring such jurisdiction provided that one of its *incidents should be and was, that one accused of bigamy could be tried in the county wherein he was apprehended though the act of bigamy was committed in another county.* These statutes in effect declared that the accused could be tried by a jury from the vicinage either of the place where it is charged the crime was committed or of the place where he was apprehended. So far as our research has disclosed, the common law has never declared that a person accused of bigamy could *only* be tried by a jury selected from the vicinage of the place where the crime was alleged to have been committed. It is obvious that the provisions of section 785 of the Penal Code, providing for the trial of a person charged with bigamy in the county where he is apprehended, is the counterpart of the English statutes herein referred to. As indicating that our law may have been modeled upon that of England, it may be stated that at the session of the state legislature of this state held in 1851 a statute was enacted providing that when the

offense of bigamy "is committed in one county and the defendant is apprehended in another, the jurisdiction shall be in either county," and such has been the law of California for more than seventy years past. (Stats. 1851, p. 222, sec. 91; Comp. Laws California 1850–53, p. 435.) [7] From what precedes, it follows that section 785 of the Penal Code, in so far as it provides that when the offense of bigamy is committed in one county and the defendant is apprehended in another the defendant may be tried in either county, is in accord with the common law, does not transgress said section 7 of the "Declaration of Rights," and is constitutional.

The foregoing views do not conflict with those expressed in *People* v. *Powell, supra;* upon the contrary, they are in entire harmony with them. In that case the defendant was, by information filed in the county of San Mateo, charged with murder alleged to have been committed in that county. He was twice tried in said county, each trial resulting in a disagreement. Without attempting to secure a third jury in said county, the district attorney applied for a removal of the case to the city and county of San Francisco under section 1033 of the Penal Code as it existed prior to its amendment in 1905 (Stats. and Amends. 1905, p. 695), and which provided for a removal upon the application of the district attorney, which application was granted. The trial in the city and county of San Francisco resulted in a verdict of manslaughter, and judgment was pronounced accordingly. The defendant appealed from this judgment and from the order denying his motion for a new trial, which resulted in a reversal upon the ground that murder was a common-law crime, one of the incidents of which was that the party charged therewith must be tried by a jury selected from the vicinage or county in which the alleged murder was committed, and inasmuch as section 1033 of the Penal Code (as it then stood), if enforced, deprived him of such right, it was in that respect unconstitutional. In other words, the case turned upon the point that at common law a person accused of the crime of murder must be tried by a jury drawn from the county in which the deed was committed; that our constitution guaranteed to him precisely the same right, and that it was beyond the power of the legislature to abridge it. But, as we have

said, and therein lies the difference between that case and this, at common law among the incidents of a trial for bigamy was that the accused could be tried either in the county in which bigamy was committed or in the county in which he was apprehended.

From what precedes, it follows that the rulings of the court upon the defendant's offers of proof, since they embodied evidence which was immaterial, were correct, and that the judgment and order denying appellant's motion for new trial must be, and they are, affirmed.

Shaw, C. J., Lawlor, J., Wilbur, J., Sloane, J., and Waste, J., concurred.