[Crim. No. 6566.   Second Dist., Div. Two.   May 22, 1959.]

THE PEOPLE, Appellant, v. LLOYD CLINTON ALLEN, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Jere J. Sullivan, Lewis Watnick and Robert Lederman, Deputy District Attorneys, for Appellant.

Jackson S. Niebrugge and Frank G. Brookings for Respondent.

HERNDON, J.—The People have appealed from a judgment for the defendant which followed the sustaining of his demurrer to the information without leave to amend. Count I of the information charges that defendant violated section 580 of the Business and Professions Code in that on or about June 6, 1956, he ". . . did willfully, unlawfully and feloniously sell, barter, and offer to sell to A. Arthur Lasky a Naturopathic degree and certificate made and purporting to be made pursuant to laws regulating the licensing and registration or issuing of a certificate to Naturopathics." In identical language Count II charges defendant with another violation of the same statute.

Section 580 provides as follows: "*No person, company or association shall sell or barter or offer to sell or barter any*

*medical degree, or osteopathic degree, or chiropractic degree, or drugless practitioner degree or naturopathic degree,* or any degree, certificate or transcript made or purporting to be made pursuant to any laws regulating the licensing and registration or issuing of a certificate to physicians and surgeons, drugless practitioners, chiropodists, midwives, osteopathic physicians and surgeons or drugless practitioners, naturopaths, chiropractors or persons lawfully engaged in any other system or mode of treating the sick or afflicted." (Emphasis added.)

Defendant successfully advanced in the court below, and now urges in support of the judgment, the following contentions: (1) that the clause "made or purporting to be made pursuant to any laws regulating the licensing and registration or issuing of a certificate. . . ." modifies and limits the prohibitive language of section 580 which we have italicized above; (2) that in 1949 the Legislature repealed sections 2230 and 2231 of the Business and Professions Code relating to the regulation, licensing, registration and issuance of certificates to "drugless practitioners" and enacted section 2232 in such form as to abolish the classification of "drugless practitioners"; (3) that "[t]his legislative action [in 1949] made it impossible for a degree in naturopathy to be sold 'pursuant to any laws' for there were no longer any such laws in effect in the State of California;" (4) that since the modifying clause "made or purporting to be made pursuant to any laws regulating the licensing and registration or issuing of a certificate to . . . naturopaths" in effect prescribes "an element of the *corpus delicti* under Section 580" and "[s]ince there are no laws regulating the naturopathic profession, then no public offense can be stated as to violation of Section 580 as to naturopathic classification, said classification having been abolished by passage of Section 2232."

In short, defendant's position is wholly premised upon the contention that the sale of a degree mentioned in section 580 constitutes a criminal offense if, *and only if,* such degree possesses, or purports to possess, some legal significance under a law regulating the licensing and registration of a recognized class of practitioners. And as he states in his brief: "Respondent contends that the action of the legislature in 1949 in repealing sections 2230 and 2231, and passage of 2232 of the Business and Professions Code,[1] had the effect of repealing

---

[1]Section 2232. "The classification of drugless practitioner is abolished but all persons holding licenses as drugless practitioners may continue to engage in practice and to renew their licenses annually."

by implication that portion of section 580 Business and Professions Code insofar as the application of section 580 to the naturopathic classification or the drugless practitioner classification is concerned.''

■ In our recent decision in *People* v. *Tawney*, 168 Cal. App.2d 599, 611 [336 P.2d 659], we rejected the contention which is the keystone of defendant's argument. We there held that section 580 prohibits the sale of an osteopathic degree ''even though such degree is neither made nor purports to be made to deceive licensing authorities.'' We held, in other words, that the sale of the degree in this state constituted a violation of the statute regardless of whether or not the degree was purportedly issued pursuant to laws regulating the licensing of practitioners of any healing art or science. Manifestly, the same logic applies to the sale of a naturopathic degree.

■ As respondent correctly points out, after the enactment in 1949 of the legislation to which he has referred, naturopaths could not be licensed as such. (*Oosterveen* v. *Board of Medical Examiners*, 112 Cal.App.2d 201, 205-206 [246 P.2d 136].) However, it should be emphasized that while section 2232 of the Business and Professions Code declares that ''[t]he classification of drugless practitioner is abolished'' it authorizes persons holding licenses in that classification to ''continue to engage in practice and to renew their licenses annually.'' Hence, it is plain that the 1949 legislation ''abolished'' the classification only in the sense that for purposes of future licensing it ceased to be recognized as a separate classification. ■ As indicated in the *Oosterveen* decision, *supra,* (p. 205) ''[t]he use of natural methods of healing is not forbidden by law'' and duly licensed practitioners possessing diplomas as naturopaths could continue to display them. Manifestly, therefore, the 1949 legislation did not destroy the significance of the naturopathic degree or diploma. Nor did it eliminate the purpose which presumably motivated the Legislature in prohibiting the sale of such degrees.

Moreover, respondent's argument that the 1949 legislation by implication repealed section 580, insofar as it prohibited the sale of a naturopathic degree, runs counter to well settled rules of statutory construction. ■ The repeal of statutes by implication is not favored, and it will be presumed that the Legislature did not intend by a later act to repeal a former one, if by a fair and reasonable construction effect can be given to both. (See 45 Cal.Jur.2d 597, § 79.) As stated in *People*

v. *Martin,* 188 Cal. 281, 285 [205 P. 121, 21 A.L.R. 1399], "Courts do not favor repeal by implication. (*People* v. *San Francisco & S. J. R. Co.,* 28 Cal. 254.) 'The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed' (36 Cyc. 1071), . . ."

In the instant situation it is more reasonable to conclude that the Legislature intended to continue in effect the existing law prohibiting the sale of a naturopathic degree notwithstanding the fact that such a degree could not be used to obtain a license to practice naturopathy in California. ■ As we stated in *People* v. *Tawney, supra,* 168 Cal.App.2d 599, 611-612:

"Our interpretation of section 580 is fortified by considerations of public policy. The obvious purpose of the section is to protect the public against the deception and chicanery of persons who, by reason of such fictitious degrees, would hold themselves out as possessing learning and skill which they did not in fact have. The spurious parchments denounced by the statute represent that the learning and skill apparently possessed by the holder thereof equip him to administer to the needs of mankind. While the illegitimate character of these 'sheep skins' ordinarily would be readily detected by the licensing authorities so that the chances of the holders becoming ostensibly legitimate practitioners are relatively slight, the general public does not make it a practice of inquiring into the genuineness of a diploma nor whether one who has achieved such recognition is duly licensed to practice the particular healing art. It would thus be a simple matter for the holder of a fake diploma or degree to impose upon members of the public, either by carrying on a clandestine practice of a particular healing art for which he was neither licensed nor trained, or on a nonprofessional basis. The latter situation would arise where the holder of such a degree does not claim to be a licensed practitioner, but holds himself out to be better equipped, because of his apparent specialized training, to deal with a particular problem. Illustrative of this is where the holder of a fictitious osteopathic degree uses it to aid in deceiving the public into believing that shoes made by him possess certain 'special' features because of his specialized training in this field. Such conduct would be detrimental to the public interest. Section 580 was adopted to prevent such imposition and frauds upon the public."

Our conclusion as to the manifest intent of section 580 is fortified by a consideration of its legislative history. Based on a statute first enacted in 1927, the material provisions of the section read as follows prior to its amendment in 1937 and 1939 : "Any person . . . shall be guilty of a felony . . . who (1) shall sell or barter or offer to sell or barter any medical degree, or osteopathic degree, or chiropractic degree, or any degree, certificate or transcript, made or purporting to be made pursuant to any laws regulating the licensing and registration or issuing of a certificate to physicians and surgeons, drugless practitioners, chiropodists, midwives, osteopathic physicians and surgeons or drugless practitioners, chiropractors or persons lawfully engaged in any other system or mode of treating the sick or afflicted . . ."

■ The 1937 amendment apparently effected no substantial change in the law. The only changes effected by the 1939 amendment were the addition of the words "or drugless practitioner degree or naturopathic degree" after "chiropractic degree" and the addition of the word "naturopaths" after "drugless practitioners." It seems most reasonable to conclude that the 1939 amendment was intended specifically to prohibit the sale of naturopathic degrees. ■ "The Legislature is not to be presumed to have used any word idly and a statute should be construed to give effect to every word used." (*Consolidated Rock etc. Co.* v. *State,* 57 Cal.App.2d 959, 965 [135 P.2d 699] ; *Pierce* v. *Riley,* 21 Cal.App.2d 513, 519-520 [70 P.2d 206].)

■ It is evident from what we have said that each count of the information would have stated facts sufficient to constitute a public offense had it gone no further than to allege that defendant had sold a naturopathic degree to the designated individual. According to our view, the additional language of the information may properly be treated as surplusage. (*People* v. *Perez,* 87 Cal. 122, 123 [25 P. 262].) However, even if it were to be assumed, *arguendo,* that the additional words of the information rendered it defective, it is manifest that the assumed defect could readily be remedied by amendment. (Pen. Code, § 1007 ; *People* v. *Bailey,* 72 Cal.App.2d Supp. 880, 884 [165 P.2d 558].)

Reversed.

Fox, P. J., and Ashburn, J., concurred.