[Crim. No. 3348. Third Dist. Sept. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES LUTHER YORK, Defendant and Appellant.

Charles Luther York, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Barry L. Bunshoft, Deputy Attorneys General, for Plaintiff and Respondent.

SCHOTTKY, J.—Charles Luther York was found guilty by a jury of violating section 4531 of the Penal Code which makes it a crime for a prisoner committed to a state prison to escape while at work away from a prison under custody of prison officers, officials or employees.

At the trial appellant was represented by counsel of his own choosing. The appellant made a motion that his counsel be dismissed two days after the jury brought in its verdict finding appellant guilty as charged. Counsel concurred in the request. Appellant then moved that new counsel be appointed by the court. The court ordered defense counsel relieved and instructed the appellant that he would have to obtain his own attorney. Appellant elected to proceed in propria persona. Appellant then waived a presentence report and the statutory time for sentencing. The court thereupon adjudged the appellant guilty of violation of section 4531 of the Penal Code as charged and sentenced him to state prison for the term prescribed by law.

Appellant filed a notice of appeal in propria persona and has filed a lengthy brief in which he urges a number of grounds for a reversal of the judgment. Before discussing appellant's contentions, we shall give a brief summary of the evidence as shown by the record.

Appellant York arrived at the Magalia Conservation Camp,

an honor camp of the state prison system, on December 21, 1961. He was indoctrinated and given a copy of the rules.

On January 2, 1962, York and 16 other inmates were assigned to perform work outside the camp boundaries under the supervision of a forestry work project foreman. York was seen to enter the truck which was used to transport the men to the work area. The foreman counted 17 inmates at the time the work crew arrived at the work area, again at the noon break, and again at 2 p. m. At quitting time only 16 inmates were present. The foreman made a search of the work area and blew the horn of the truck but York did not appear. Two correctional officers later made a search of the area. Later in the evening a further search was made but York could not be located. Two days later appellant was apprehended by a deputy sheriff. The deputy sheriff testified York offered him a bribe if he would let him go.

York's testimony was to the effect that he left the work party because he felt ill and had to "answer a call of nature." He said that he climbed a hill and then sat down to rest. He alleged that he suffered a "blackout" and that the next thing he knew he was walking along a road. He was unable to locate the work area. He wandered in the area, and the second day he found a surfaced road which he learned from a lad whom he met went to Chico. He walked along this road until he was apprehended.

Appellant's first contention is that the Superior Court of Butte County did not have jurisdiction over the case because the evidence produced disclosed that the escape took place in Tehama County, approximately one and one-half miles from the Butte County line. There is no merit in this contention. Section 4701 of the Penal Code states that "The jurisdiction of a criminal action for escaping from any State prison is in any county of the State." This section is based on former section 787 and is without any substantial change. The former section was construed to be applicable to one escaping from a road camp. (*People* v. *Johnson,* 67 Cal.App. 680 [228 P. 357]; *People* v. *Richardson,* 138 Cal.App. 404 [32 P.2d 433].) The section is constitutional and is not in derogation of the constitutional right of trial by jury. (See discussion in *People* v. *Richardson, supra,* pp. 405-409.) Appellant had no constitutional right to be tried in Tehama County.

The second contention of appellant is that the trial court erred in refusing to permit him to dismiss his counsel.

At the outset of the trial, before a jury was selected, defense counsel was discussing with the court a motion for a change of venue and other matters in which York participated, and York stated to the court that he wished to dispense with counsel. The court stated: "I don't think you would be competent of carrying a defense forward without counsel, Mr. York. You can discuss that aspect with him, and if at any time during any stage of the trial he moves, that will be that, meanwhile I will have to ask you to let your attorney represent you."

York then asked the court if he were being denied his right to dispense with counsel. The court replied: "You can discuss that with him, and if he moves for the discharge why we will take it up properly. I am not going to sit here all morning and listen to you make idle motion after idle motion. . . ."

It is no doubt true that except in certain situations, not germane here, a competent accused can not be compelled to accept the services of an attorney. (*People* v. *Mattson*, 51 Cal. 2d 777, 788-789 [336 P.2d 937].) But the court did not foreclose this right. It merely suggested that York discuss the matter with his attorney who was not court-appointed. York did not, as far as the record shows, discuss the matter with his attorney or renew his motion until after the jury verdict was received. The trial lasted two days. York had an opportunity to discuss the matter with his attorney and renew his motion. Appellant made no further attempt to dismiss his counsel until two days after the conclusion of the trial as hereinbefore set forth.

We do not believe it was unreasonable or erroneous for the court to refuse to dispense with appellant's counsel until after appellant had discussed the case with him, and it clearly appears from the record that appellant's counsel at the trial conducted his defense in a competent manner. We find no error in the court's action in the matter, and there is therefore no merit in this contention of appellant.

There is likewise no merit in appellant's contention that the trial court deprived him of his right to confer with counsel and adequately prepare a defense. York was arraigned on January 26, 1962. He was represented by his counsel. On February 9, 1962, he was returned to Folsom State Prison to await the trial. On his return to Folsom State Prison he was placed in solitary confinement from the time of his return to prison until March 9, 1962. While in solitary appellant allegedly wrote two letters to his attorney in which he allegedly requested that the attorney interview and subpoena certain

witnesses and in which he requested that certain motions be presented to the court. These letters were allegedly addressed to the attorney in care of General Delivery, Chico, California. They were never received by the attorney. The witnesses whom appellant wanted subpoenaed were the other 16 inmates who were part of the work crew. The purpose of their testimony was to refute the statement as to the location of the work area and appellant's presence at certain areas. Appellant was released from solitary confinement on March 9, 1962, and he did not thereafter until the time of trial attempt to communicate with his attorney. After receiving this information, the court said that it would not grant a continuance, but "If the defense desires subpoenaes I am sure you would have time to have them issued and if necessary a half day's continuance or a day's continuance might be indicated during the course of the trial, and allowed you at least to that extent, if it appears necessary in order to give the defendant a fair trial, . . ."

The record shows that appellant had 13 days from his arraignment until his transfer to Folsom State Prison to confer with counsel and from March 9th to March 27th to communicate with counsel. The record shows that the court offered to subpoena any witnesses appellant wanted and to grant a continuance if necessary.

 Appellant makes the further contention that the suppression of the two letters which he claims he wrote and in which he requested a psychiatric examination deprived him of a chance to be examined by a psychiatrist to bolster his claim that he suffered from blackouts. During the proceedings preparatory to the trial, appellant asked the court to appoint an alienist to examine him. This the court refused. This the court had discretion to do. (*Schindler* v. *Superior Court*, 161 Cal.App.2d 513 [327 P.2d 68].) The blackout theory was never mentioned to counsel during that period when appellant was free to communicate with counsel, either before he was returned to Folsom State Prison or after he was released from solitary confinement. Under such circumstances it can not be said that the judge erred in not granting a continuance. There is no showing that appellant showed due diligence in securing a psychiatric examination. He allegedly wrote the letters to his attorney a few days after his return to Folsom State Prison. He was released from solitary confinement on March 9th. He made no attempt to communicate with counsel thereafter. He never mentioned the defense of blackout until the day of the trial. Under these facts, the court

was justified to deny a continuance since there is an absence of a showing of diligence on appellant's part. (See *People* v. *Rios,* 172 Cal.App.2d 623 [342 P.2d 317] ; *People* v. *Hanz,* 190 Cal.App.2d 793 [12 Cal.Rptr. 282].)

We have read the entire record and are satisfied that the appellant received a fair and impartial trial and that the evidence of his guilt was overwhelming. Indeed, it is difficult to understand how the jury could have rendered any other verdict. Appellant does not contend that the evidence is insufficient to support the judgment, and his contentions of error, as hereinbefore pointed out, are without merit.

The judgment is affirmed.

Peek, P. J., and Pierce, J., concurred.