[No. 13288.    Department One. — June 18, 1892.]

## THE PEOPLE EX REL. THE STATE BOARD OF HARBOR COMMISSIONERS, RESPONDENT, *v.* H. M. LA RUE ET AL., APPELLANTS.

STATE HARBOR COMMISSIONERS — ACTION ON WHARFINGER'S BOND — USE OF NAME OF PEOPLE — ATTORNEY-GENERAL. — Under section 2523 of the Political Code, providing that the board of state harbor commissioners may institute and prosecute to final judgment actions in the name of the people of the state for the collection of any money due, or that may become due, under the authority of article IX., part III., title VI., of the Political Code, the board has authority to use the name of the people without the relation of the attorney-general, in an action against the sureties of a wharfinger to recover moneys lost to the board by his delinquency.

ID. — REMOVAL OF WHARFINGER — CHANGE OF STATUTE. — The fact that the wharfinger was appointed in 1880, and removed from office in 1883, after the delinquency complained of had taken place, and that the action was commenced after a change was made in the statute, whereby the duties of the wharfinger were conferred upon another officer, called a collector, is no objection to the maintenance of the action by the harbor commissioners against the sureties of the wharfinger for money which had become due from the wharfinger before his removal from office and before the change in the law.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*W. H. Barrows,* and *J. F. Wendell,* for Appellants.

Under the constitution of the state, the amendment of

a statute operates as an absolute repeal of the old statute or section so amended. (*Norris* v. *Crocker*, 13 How. 429; *Billings* v. *Harvey*, 6 Cal. 381; *Billings* v. *Hall*, 7 Cal. 3; *Morton* v. *Folger*, 15 Cal. 275; *People* v. *Tisdale*, 57 Cal. 104; Bishop on Written Laws, sec. 152.) And this even though the amendment takes nothing away from the old law, but merely adds a proviso in certain cases. (*Billings* v. *Harvey*, 6 Cal. 381.) The constitutional provision construed in this case (*Billings* v. *Harvey*, 6 Cal. 381), viz., subdivision 25 of article IV. of the old constitution, is embraced in subdivision 24 of article IV. of the new constitution, and the language is identical as to the portion construed. A repeal of a statute under which a right of action exists operates as an extinguishment of such right of action, and of actions pending thereon when the repeal takes effect, unless there is a saving clause. (Sedgwick on Statutory and Constitutional Law, 2d ed., 110 et seq.; Bishop on Written Laws, secs. 117, 117 a, and cases cited; *McMinn* v. *Bliss*, 31 Cal. 122; *Norris* v. *Crocker*, 13 How. 429, and cases cited; *Bensley* v. *Ellis*, 39 Cal. 313; *People* v. *Central Pac. R. R. Co.*, 62 Cal. 506; *Mayne* v. *Board etc.*, 123 Ind. 132; *Key* v. *Goodwin*, 4 Moore & P. 431.) Now, the present article does not authorize wharfingers to collect money at all, and the article must be construed as though originally adopted in the form it now stands. (Bishop on Written Laws, sec. 152 a, and cases cited; *McKibben* v. *Lester*, 9 Ohio St. 627; *Conrad* v. *Nall*, 24 Mich. 278; *Holbrook* v. *Nichol*, 36 Ill. 161; *Wood* v. *Election Comm'rs*, 58 Cal. 565.)

*F. S. Stratton*, and *T. C. Coogan*, for Respondent.

FOOTE, C.—This action is brought against the defendants, as the sureties on the bond of one William M. H. Haynie, as wharfinger, appointed by the board of state harbor commissioners, to recover certain moneys lost to the said board by the delinquency of said Haynie. The cause was tried before a jury, who returned a verdict

for the plaintiff in the sum of $800.30. Judgment was
rendered accordingly. Upon motion made for a new
trial, the court granted the same, unless the plaintiff
should remit a certain portion of the judgment. This the
plaintiff did, and a new trial was then, by an order,
duly denied. From the judgment given and made in
the premises, and from the order denying a new trial,
this appeal is taken.

Two contentions are made for a reversal of the judg-
ment and order: 1. That the board of harbor commis-
sioners have prosecuted the action without authority of
law, because not done on the relation of the attorney-gen-
eral. 2. That Haynie, the principal on the bond sued on,
was appointed in March, 1880, removed from office on
the 6th of March, 1883, after the delinquency complained
of had taken place, and the action was commenced after
a change was made in the statute, whereby the duties
of the wharfinger as existing while Haynie was in office
were conferred upon another officer, called a *collector.*

It is contended that after the passage of the amend-
ment to section 2522 of the Political Code on March 7,
1883 (the day following the removal of Haynie from
office), the board of state harbor commissioners could
not sue for moneys which had been collected and not
paid by a wharfinger, as said amendment had taken the
collection of moneys from wharfingers and imposed it
upon collectors.

We do not perceive how this change in the law, made
after the duty was violated, could take away the right to
make this wrong-doer responsible for his act, which
right existed when he did the act complained of; for
while, under the provisions of section 2522 as amended
in 1883, the duties of a wharfinger in a matter such as
this in hand were taken from him, as such officer, and
put upon a collector, section 2523 of the same code,
which was enacted in 1876, was in full force when the
delinquency of Haynie took place, and was not changed
when this action was brought.

Said section provides, among other things, that the

board of state harbor commissioners " may institute and prosecute to final judgment actions in the name of the people of the state of California . . . . for the collection of any money due or that may become due the state by authority of this article." (Pol. Code, pt. III., tit. VI., art. IX.)

This money *had become due* under this article, before the change in the law. Hence we think the authority existed to bring this action and to prosecute it to final judgment, as was done.

We therefore advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.