[S. F. No. 1598. Department Two.—November 8, 1900.]

THE PEOPLE ex rel. BOARD OF STATE HARBOR COM-
MISSIONERS, Respondent, v. PACIFIC IMPROVE-
MENT COMPANY et al., Appellants.

BOARD OF STATE HARBOR COMMISSIONERS—JURISDICTION OVER CHANNEL
STREET—EBB AND FLOW OF TIDE WATER.—The act of March 15, 1878,
which specially extends the jurisdiction of the board of state
harbor commissioners in and over Channel street, "as far as
the ebb and flow of tide water," is not to be construed as con-
fining their jurisdiction to that portion only of Channel street
where the tide ebbs and flows, but as extending it as far as
the tide ebbs and flows and to all parts of Channel street.

ID.—ACTION OF EJECTMENT—PLEADING—ADMISSION.—The commissioners
are authorized by section 2523 of the Political Code, taken
together with section 2524 of the same code and the act of
1878, to bring an action of ejectment in the name of the people,
to recover possession of a strip of land in Channel street over
which the tide ebbs and flows; and where the verified com-
plaint alleges that the tide ebbs and flows over the premises
in controversy, and the allegation is not denied, it cannot
be claimed by the defendant that the land is separated from
the canal by a bulkhead, and that the tide does not ebb and
flow over it.

ID.—ACT OF 1878 NOT REPEALED BY IMPLICATION—The act of 1878, pro-
viding that "the inshore limit of the jurisdiction of the board
of state harbor commissioners shall be and remain the same
as defined in section 2524 of the Political Code," and specially
extending their jurisdiction in and over Channel street "as
far as the ebb and flow of tide water," is not repealed by im-
plication as to the latter provision by the subsequent amend-
ments of 1887 and 1889 to section 2524 of the Political Code,
there being no radical inconsistency between these amendments
and that special provision of the act of 1878 which can still
stand and be read as a part of that section as amended, and as
a proviso thereto.

CONSTRUCTION OF STATUTES—REPEAL BY IMPLICATION NOT FAVORED.—The
law does not favor a repeal by implication, and where there are
two or more provisions in relation to the same subject matter,
they must, if possible, be construed so as to maintain the in-
tegrity of both; and the repugnancy between them should be
very clear to sustain a repeal by implication.

ID.—SPECIAL AND GENERAL STATUTES.—Where a special and a general
statute treat of the same subject, the special act will control
as to its special provisions, and will not be deemed repealed

by implication by a later general statute, although the terms of the general statute, taken strictly, would include the terms of the special statute, if they are not irreconcilably inconsistent, and if there is no manifest intention of the legislature to repeal or alter the special statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion.

J. E. Foulds, for Appellants.

The re-enactment of section 2524 of the Political Code in 1887, omitting all reference to the proviso contained in the act of 1878, repealed that proviso. (*Camley v. Stanfield,* 10 Tex. 546[1]; *State v. Wilson,* 43 N. H. 415.[2])   Under the rules of construction the legislature must have had in mind the act of 1878, and to have intended the repeal of that proviso, as inconsistent with the re-enacted statute omitting it.   (Sutherland on Statutory Construction, 137, 179, 180, 184, 185, 222, 371, 419.)   Section 2523 of the Political Code does not authorize this action.   An action upon the relation of the harbor commissioners is not a proper remedy for a purpresture.   (13 Am. & Eng. Ency. of Law, 939, 940.)

Tirey L. Ford, Attorney General, for Respondent.

The provisions of a former statute referred to in a later special statute which operates as a proviso thereof are to be deemed embodied in the special statutes, and any subsequent change of the former statute cannot change the special statute or operate to repeal it. (*People v. Whipple,* 47 Cal. 593; *Ventura County v. Clay,* 112 Cal. 65; *Turney v. Wilton,* 36 Ill. 385; Sutherland on Statutory Construction, sec. 257.)   The action of ejectment in the name of the people on relation of the harbor commissioners was the proper remedy.   (Pol. Code, secs. 2523, 2524; Act of 1878, p. 263; *People v. La Rue,* 95 Cal. 77; *People v. Davidson,* 30 Cal. 379; *San Francisco v. Calderwood,* 31 Cal. 591[3]; *Coburn v. Ames,* 52 Cal. 397.[4])   A special law is to be read with a general law, and to be considered specially effective

[1] 60 Am. Dec. 219.                   [3] 91 Am. Dec. 542.
[2] 82 Am. Dec. 103.                   [4] 28 Am. Rep. 634.

where the provisions are different. (*Talcott v. Harbor Commrs.*, 53 Cal. 199.)

COOPER, C.—This action was brought by the board of state harbor commissioners, in the name of the people of the state of California, to recover possession of a strip of land thirty feet wide lying along the southerly side of Channel street, in the city and county of San Francisco, and constituting a portion of said street, the same being located west of the east line of Fifth street. Defendants filed a demurrer to the complaint, which was overruled, and thereupon they filed an answer. It was agreed that the case be submitted upon the pleadings, and that findings be waived. The court thereupon ordered judgment for plaintiff, and this appeal is from the judgment on the judgment-roll.

The main controversy is as to whether the premises described in the complaint are part of the territory over which the jurisdiction of the state board of harbor commissioners extends. The solution of the question depends upon the construction of certain acts of the legislature. Prior to March 15, 1878, the territory subject to the jurisdiction of the said board was described by section 2524 of the Political Code, and did not include the premises in controversy. The language of the section, as to the portion of the description of Channel street, was: "Thence southerly along the center of Third street, to the northerly line of Channel street; thence westerly, along the last-mentioned line, to the easterly line of Fifth street; thence southerly, along said last-mentioned line, to the southerly line of Channel street; thence easterly, along said mentioned line, to the center of Kentucky street."

There is no claim that the premises were included within the descriptive calls of said section, or within the jurisdiction of the board, prior to the said fifteenth day of March, 1878. On the last-named date the legislature passed an act entitled "An act concerning the waterfront of the city and county of San Francisco." (Stats. 1877-78, p. 263.) This act provided: "The inshore limit of the jurisdiction of the board of state harbor commissioners shall be and remain the same as defined in section 2524 of the Political Code. . . . . But their juris-

diction in and over . . . . Channel street . . . . shall extend as far as the ebb and flow of the tide water."

The act further provided that Channel street, as far as the ebb and flow of the tide, was "dedicated to public use for the purposes of commerce and navigation, and shall be subject . . . . to the jurisdiction of the said commissioners."

This act has never been expressly repealed and remains in full force unless it has been repealed by implication.

By an act approved March 21, 1887 (Stats. 1887, p. 224), section 2524 of the Political Code was amended and certain additional authority given to the board as to repairing wharves and piers and purchasing and constructing pile-drivers. In this amendment the description of the premises over which the board had jurisdiction was given as in the section prior to the act of March, 1878. The evident purpose of the amendment was to give additional powers to the board. The act of March, 1878, was in no way referred to.

The section was again amended March 19, 1889 (Stats. 1889, p. 380), and the description apparently copied from the old section without any reference to the act of March, 1878. This latter amendment was for the apparent purpose of giving the board certain other powers, and restricting their powers as to leasing, and prohibiting railroad companies from laying down tracks upon the property over which the board has jurisdiction. In both the amendments—of 1887 and 1889—the description is given as in the original section prior to March, 1878. In neither is there any reference to the act of March, 1878, nor anything said about any repeal of any act or section. The section as amended after the act of March 15, 1878, is no more in conflict with the said act than it was when the act was passed. The act of March, 1878, added to the territory over which the board had jurisdiction the premises in controversy. It was to be read in connection with section 2524 of the Political Code, and as an enlargement of the jurisdiction originally given by that section.   We do not think it was the intention of the legislature to repeal the act of March, 1878, neither do we think it has done so.   It is not contended that there is any express repeal nor any inconsistency.   It is the established rule of construction that the law does not favor a repeal by implication, but that where

there are two or more provisions relating to the same subject matter they must, if possible, be construed so as to maintain the integrity of both. It is also the rule that where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter as far as coming within its particular provisions. A special statute providing for a particular place, or applicable to a particular locality, is not repealed by a statute general in its terms and application unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided by it. (*Bateman v. Colgan*, 111 Cal. 586.) It is said by Judge Cooley (Cooley's Constitutional Limitations, 6th ed., 182): "The repugnancy between two statutes should be very clear to warrant a court holding that the one later in time repeals the other, when it does not in terms purport to do so. This rule has peculiar force in the case of laws of special and local application, which are never to be deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect."

In this case the special act added to the description the portion of Channel street where the tide ebbs and flows. No change was attempted in the amendments to the section as to the description. The special act can still stand and can be reconciled with, and read as a part of, the section amended. "Provided that the jurisdiction shall extend to that portion of Channel street as far as the ebb and flow of tide water" may be considered as a part of, and in no way inconsistent with, the section.

In amending section 2524 the legislature, in copying the whole section, were only following the plain mandates of the constitution: "No law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended." (Const., art. IV, sec. 24.) The views herein expressed are in accord with the construction of similar acts heretofore given by this court.

In *People v. Tyler*, 36 Cal. 524, it appeared that the fifteenth

section of the judiciary act of 1863 provided that "there shall be. held in the several counties of this state terms of the county courts, commencing on the first Monday of January, March, May, July, September, and November of each year." In 1864, by a special act, Nevada county was exempted from the provisions of the act and different dates provided for holding court in said last-named county. In 1868 another act was passed amending section 15 of the original act so as to read: "There shall be held in the several counties of this state terms of the county court, commencing on the first Mondays of January, March, May, July, September, and November in each year," which was followed by a proviso as to other matters not in the section as it originally stood.

It was contended that the act of 1868 applied to all the counties of the state and included Nevada county, concerning which the special act was passed. This court held that the special act as to Nevada county was not repealed, and in the opinion said: "The amendment does not purport to extend its application, but to amend a provision of the act itself, which would thenceforth extend to those courts only to which the act itself was before applicable. The object of the amendment is sufficiently apparent upon comparing section 15 as it stood before with the section as it stood after the amendment. It will be found that the section, as amended, is a *verbatim* copy of the former section, with a proviso added," etc.

April 1, 1880, the legislature amended section 259 of the Code of Civil Procedure, giving court commissioners power to take acknowledgments and proof of deeds, mortgages, and other instruments. Three days afterward the same legislature amended section 1181 of the Civil Code by providing that acknowledgments in this state may be made before: "1. A clerk of a court of record; or 2. A county recorder; or 3. A notary public; or 4. A justice of the peace." The words "a court commissioner" were omitted from the original section by the amendments. In *Malone v. Bosch*, 104 Cal. 683, it was claimed that the amendment to the section of the Civil Code repealed by implication the section of the Code of Civil Procedure as to the power of a court commissioner to take acknowledgments, but the court held there was no repeal and that both sections remained in

force.   In the opinion it is said: "Repeal by implication is not favored, and the conflict must be irreconcilable, or the intent to repeal very manifest, or both statutes will stand.   I see no conflict in the statutes.   The fact that court commissioners may take acknowledgments does not interfere with the provisions of the Civil Code."   It is claimed that there is a canal through the center of Channel street west of Fifth street, and that the tide only ebbs and flows in the canal, and not on the land in controversy, which it is claimed is outside the canal and separated from it by a bulkhead.   The language of the act of 1878 does not confine the jurisdiction of the board to the portion only of the street where the tide ebbs and flows, but the jurisdiction extends as far as the tide ebbs and flows and to all parts of the street.   But aside from this the complaint, which is verified, alleges that the tide ebbs and flows over the premises in controversy, and this allegation is not denied.

The board had the authority to bring the action under section 2523 of the Political Code.   This section expressly gives it authority to bring actions for the possession of any portion of the premises described in this article.   (*People v. La Rue*, 95 Cal. 75.)

The act of March, 1878, placed the premises sued for as within the description of the article.   There is no attempt to describe the territory over which the board has jurisdiction in section 2523, but the description is fully given in section 2524 and the act of March 15, 1878.   The latter act expressly states that the premises shall be subject to the jurisdiction of the board as provided in the Political Code.

If what has been said is correct, it follows that the judgment should be affirmed.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.           McFarland, J., Temple, J., Henshaw, J.