[Civ. No. 698.    Second Appellate District.—September 10, 1909.]

## CITY OF LOS ANGELES, a Municipal Corporation, Peti-tioner, v. HARRY J. LELANDE, as City Clerk, etc., Respondent.

STREET IMPROVEMENTS—CONSTRUCTION OF SIDEWALKS—EFFECT OF SIDE-
    WALK ACT—REPEAL OF VROOMAN ACT PRO TANTO—EXCLUSIVE
    METHOD.—The sidewalk act of March 6, 1909, expressly repealed
    so much of the Vrooman act as relates to sidewalks, and provides
    an exclusive method, so far as respects the construction of side-
    walks.    It contains a new and complete scheme for constructing
    sidewalks, and assessing the entire cost thereof on the frontage
    on the same side of the street that the sidewalk is laid, and thereby
    relieves the property on the other side of the street from the bur-
    den thereof, as contemplated by the Vrooman act.

ID.—COMPLETENESS OF SIDEWALK SCHEME—SUBSTITUTED METHOD IN-
    CONSISTENT WITH VROOMAN ACT.—Taking into consideration all
    of the elements of the scheme established by the sidewalk act, ren-
    dering it a complete scheme in that regard, the inference is justi-

fied that it was intended to repeal the Vrooman act by the sidewalk act, independent of the express repeal, not so much by implied repeal as by the adoption of a substituted method inconsistent with the Vrooman act.

ID.—CHANGES IN VROOMAN ACT—CONSTRUCTION AGAINST IMPLIED REPEAL OF SPECIAL SIDEWALK ACT.—Since special laws are never to be deemed repealed by the amendment of general legislation, except upon the most unequivocal manifestation of intent to that effect, amendments made in the Vrooman act at the same session of the legislature at which the special sidewalk act was passed are to be construed as not implying a repeal of the special sidewalk act.

ID.—SPECIAL OBJECT OF CHANGE IN VROOMAN ACT — PRESUMPTION AGAINST CHANGE OF PRIOR LAW.—Where the evident object of the amendment to the Vrooman act was to strike out a clause relating to the change of grades, the fact that a part of the original section as to sidewalks repealed by the sidewalk act was inserted in copying the whole section for such amendment, cannot, in view of the presumption against any intended change in other respects under section 325 of the Political Code, be deemed to work a repeal of the special sidewalk act by implication.

ID.—UNCONSTITUTIONAL AMENDMENT.—An unconstitutional amendment of the Vrooman act is not entitled to much weight as indicating the intention of the legislature as to the construction of that act on the subject of sidewalks.

ID.—MANDAMUS.—*Held,* that *mandamus* will not lie to compel the enforcement of an ordinance for the construction of sidewalks, based upon the Vrooman act, as distinguished from the special sidewalk act.

PETITION for writ of mandate to the city clerk of Los Angeles County.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, City Attorney, and Edward R. Young, Deputy City Attorney, for Petitioner.

Arthur M. Ellis, for Respondent.

THE COURT.—Petition for writ of mandate.

This is an application for a writ of mandate to compel respondent, as city clerk of the petitioning city, to certify to the passage of an ordinance by the common council of that city ordering certain street work (which includes the construction of sidewalks) under the Vrooman act. Respondent bases his

refusal to do this upon the contention that the Vrooman act, in so far as it was applicable to the construction of sidewalks, was repealed by the "sidewalk act," which was approved March 6, 1909 (Stats. 1909, p. 167), and took effect before the date of the passage of the ordinance, to wit, May 11, 1909.

Petitioner, in response to this, contends: (1) That the sidewalk act provides an alternative procedure only; (2) that if it be conceded that it was intended to repeal the Vrooman act with respect to sidewalks, nevertheless, by reason of the re-enactment of section 2 of the Vrooman act on April 21, 1909, which act took effect immediately, with the word "sidewalks" therein, this act again became operative as to sidewalks (Stats. 1909, p. 1017); and (3) that by amending the Vrooman act on March 18, 1909, by adding a new section thereto numbered 56 (Stats. 1909, p. 399), relating to bids for doing work on sidewalks and curbing, the legislature evidenced its intent that sidewalks should still be constructed under the Vrooman act. Some question is also suggested as to the propriety of the remedy by *mandamus,* but as we read the brief, this is based upon the right of the court to issue a writ in this particular case rather than upon any question as to this being the proper procedure if a case has been made.

The sidewalk act (section 20) expressly declares that it is to be deemed as a repeal of the Vrooman act "and the several acts amendatory thereof and supplemental thereto so far as said act and the several acts amendatory thereof and supplemental thereto relate to sidewalks and the construction thereof, and to the assessments to be made and the enforcement of payments for the expense of the construction of such sidewalks," but as to all other street work and improvements it is declared that the Vrooman act "shall not be deemed as repealed, amended, or affected by this act." It contains a new and complete scheme for constructing sidewalks and assessing the entire cost thereof on the frontage on the same side of the street that the sidewalk is laid; the legislature apparently intending thereby to relieve the property owner on the opposite side of the street from the burden imposed upon him under the Vrooman act as construed in *Millsap* v. *Balfour,* 154 Cal. 303, [97 Pac. 668].

The construction of sidewalks authorized by the act is declared to be of peculiar and special benefit to the property

fronting on it and *not* to any other property (section 6), indicating an intention to relieve from the district assessment plan under which the ordinance before us was framed. The expense of the portion of the work constructed upon an intersection or crossing of the street is required to be paid out of the city treasury. These and other provisions of the act, considered in connection with the completeness of the scheme established, are sufficient to justify the inference that it was intended to repeal the Vrooman act in respect to the construction of sidewalks independent of the express repealing clause above referred to, not so much by implication as by the creation of a substitute method inconsistent with the Vrooman act. (*Mack* v. *Jastro,* 126 Cal. 130, [58 Pac. 371]; *Alameda Co.* v. *Dalton,* 148 Cal. 246, 251, [82 Pac. 1050].) But as said in *Santa Cruz Rock Co.* v. *Lyons,* 133 Cal. 117, [65 Pac. 329], as to the Mack-Jastro case, this is not a case in which the question of repeal by implication is involved, but a question of enforcing the will of the legislature last expressed on the very same subject.

The view expressed by one of the members of this court at the oral presentation of this cause, that the sidewalk act should, if possible, be considered as an alternative method for constructing sidewalks, is fully met by the application of the rule *"expressio unius,"* etc., to section 19 of the act. By this section the legislature expressly provides that the act may at the election of the council be used in the construction of curbing also. The absence of any such provision as to sidewalks clearly indicates that a distinction is drawn in this respect between the construction of curbing and the construction of sidewalks.

We do not think the other acts mentioned operate to repeal the sidewalk act, or to restore to the list of improvements authorized to be made under the Vrooman act the street work which is included in the term "construction of sidewalks." The application of the rule that repeals by implication are not favored, invoked by the petitioner with respect to the sidewalk act, makes the more strongly against its position here, in that it relies upon the repeal of a special act by the amendment of a general one. As said by Judge Cooley: The repugnancy between two statutes should be very clear to warrant a

court holding that the later in time repeals the other when it does not in terms purport to do so. This rule has peculiar force in case of laws of special application which are never to be deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect. (Cooley's Constitutional Limitations, 7th ed., 216.) Clearly, in this connection it is proper to consider the Vrooman act as a general law relating to street work and the sidewalk act as a special act providing a special method of construction for only such particular street work as is connected with sidewalks.

This principle was applied by the supreme court in *People* v. *Pacific Imp. Co.*, 130 Cal. 442, [62 Pac. 739]. While the facts of that case were such that it may be said the rule adopted supports the position here taken only so far as the question of the repeal of the sidewalk act is to be considered, yet the reasoning upon which the decision was based also sustains our view that the amendment of section 2 by the act of April 21st did not operate to restore sidewalk construction to the improvements authorized to be made under the Vrooman act. Here, as in the case cited, it is apparent that, in so far as the amendment to the general law is concerned, the fact that it in any manner mentions the subject matter of the special act is due to a matter of copying. In the case at bar this may be attributed either to inadvertence or to an oversight on the part of the judiciary committee to which the amendment was referred, who failed to eliminate the word "sidewalks" from the section and thus make it conform to the other legislation on the same subject at the same session of the legislature.

The evident and apparently sole purpose of the amendment was to strike from the section the clause relating to change of grades, which had been elsewhere and otherwise provided for. Compliance with the constitutional mandate that the amended section must be re-enacted and published at length as amended (Const., art. IV, sec. 24) made it necessary to restate the entire section, leaving out only the part relating to the change of grade, and, as the repeal of the Vrooman act in relation to sidewalks was of such a character that the phraseology of the act remained unchanged, it would be a strained construction of the section to say that by copying the

section as it stood the legislature intended to restore sidewalks to the operation of the act merely because this word was not stricken out. The subject of sidewalks was not in any way germane to the purpose of the amendment. Certainly the theory of repeal by inadvertence is not to be considered if by the application of any rule of construction another result may be arrived at. We think the intent with which the act of April 21st was passed is too apparent to require such a construction. The rule declared by section 325 of the Political Code, that where a section or part of one is re-enacted for the purpose of amending it, the unamended part is deemed not to have been changed but to retain the status it occupied prior to the amendment, also makes for the same interpretation.

We do not lay much stress upon the act of March 18th adding a new section to the Vrooman act. It appears to be conceded that the act is unconstitutional and that being so it cannot be considered as affecting the law as it stood prior to its enactment (*Ex parte Sohncke*, 148 Cal. 262, [113 Am. St. Rep. 236, 82 Pac. 956]; 1 Sutherland on Statutory Construction, 2d ed., p. 458), but petitioner contends, nevertheless, that it indicates that at the time of its passage and adoption the legislature still thought the Vrooman act included the construction of sidewalks in its provisions. Treated as evidence of this, it is not entitled to much weight. If constitutional its enactment would not be entirely idle, as it may be applied to the matter of curbing which it includes as well as sidewalks.

We are of opinion that respondent was justified in refusing to certify the ordinance, and, therefore, the writ is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 4, 1909.