[Crim. No. 955. Fourth Dist. Mar. 19, 1954.]

THE PEOPLE, Appellant, v. RYAN WILLIAMS,
Respondent.

Kenneth W. Kearney for Respondent.

GRIFFIN, J.—The People appeal from an order setting aside an information charging the defendant with the crime of burglary alleged to have been committed on September 23, 1953, on the ground that he was not legally committed by the magistrate in that counsel was not appointed to represent him at the preliminary examination.

The appeal is based on an agreed statement of facts. Defendant was duly arraigned in the justice court and was informed of his constitutional rights under section 858 of the Penal Code, which included his right to the aid of counsel in every stage of the proceedings. He did not then express a desire for the services of an attorney. The preliminary examination was set for the following day. The defendant was brought into court without an attorney and he was informed that that was the time and place set for the preliminary examination upon the charge read to him, and he was interrogated by the magistrate in respect to his desire to have an attorney represent him as follows:

"You didn't want to hire an attorney to represent you, is that right? DEFENDANT: I have no money to hire one or anything to hire one.

"THE COURT: Well, you are able-bodied, aren't you? A. Yes.

"THE COURT: You can work, can't you? A. Yes.

"THE COURT: I see no reason why an attorney should be appointed to represent you at the taxpayers' expense at this preliminary hearing anyhow. So that you are ready to proceed now. You have already been informed and you know that you do not have to testify yourself unless you want to."

Thereafter, witnesses were sworn on behalf of the People, and testified pertaining to the breaking and entry into a store, and of the missing money and merchandise. The undersheriff questioned the defendant after his arrest. While the undersheriff was on the witness stand, after stating that defendant's statements were made freely and voluntarily, and before he related them, the magistrate interrupted and remarked:

"Just a minute if we are approaching a confession here I want to make sure since Mr. Williams isn't represented by an attorney. I would like to ask him a question or two. Is this going to bring about the introduction of a confession?

"(By the prosecutor): A statement. It might amount to a confession.

"THE COURT: (Directing questions to Mr. Williams):

"Q. You have heard, Mr. Williams, Undersheriff Stanton's

statements here. At any time were you threatened at all in any way?

" (By the prosecutor) : "Your Honor, may I ask that on voir dire you put the witness under oath?

"THE COURT: Yes, I think that is proper."

Thereafter, Williams was sworn as a witness and the magistrate inquired whether or not the undersheriff had threatened him in any way to say anything about "this burglary." It appears from the record that the defendant signed a written statement in reference to his presence at the scene of the burglary on that evening. In reply to the question propounded by the magistrate: "You made some statements to them (the officers) I take it?" the defendant answered "Yes." "Q. And they were all made voluntarily on your part? A. Yes. . . . Q. You weren't promised any benefits from making such statements? A. None at all." Defendant was then asked if he cared to testify or produce any witnesses in his own behalf. After a negative answer he was held to answer the charge in the superior court.

In that court an attorney was appointed to represent the defendant and before plea, a motion was made to set aside the information on the ground that defendant was denied his statutory right to have counsel appointed to represent him at the preliminary examination. The motion was granted and the court stated that it was his opinion from the record presented, that the defendant did desire to have an attorney appointed to represent him at the preliminary examination and that the magistrate refused. It is apparent that such refusal was based on the fact that since the defendant had no money to hire an attorney the magistrate was not going to appoint one at the taxpayers' expense merely because it appeared that defendant was able-bodied and able to work.

The sole question presented on this appeal is whether, under the facts related, the failure of the magistrate to appoint counsel to represent defendant at the preliminary examination is such a violation of the defendant's right as to make the resulting commitment illegal.

It is conceded that prior to the amendment of section 859 of the Penal Code in 1951, the statutes did not require the magistrate to appoint counsel at the request of a defendant at the preliminary examination. (*People* v. *Crowley,* 13 Cal. App. 322, 324 [109 P. 493]; *People* v. *Campos,* 10 Cal.App. 2d 310, 320 [52 P.2d 251]; *People* v. *Brooks,* 72 Cal.App.2d 657, 660 [165 P.2d 51].)

In 1951, the Legislature amended section 859 (Stats. 1951, chap. 1160) by adding a paragraph: "If he desires and is unable to employ counsel, the court must assign counsel to defend him." This sentence is likewise contained in section 987 of the Penal Code pertaining to the arraignment of a defendant in the superior court.

At the same session, by a later enactment (Stats. 1951, chap. 1608) section 859 was amended in a minor particular in which the words "judicial district" were substituted for the words "city or township," without including the sentence heretofore quoted.

It is the People's contention, citing the general rule, that where two legislative enactments conflict, in that one changes or omits some provision contained in the other, the latter approved act ordinarily repeals by implication the inconsistent terms of the earlier enactment, citing 23 California Jurisprudence, sections 73 and 83, pages 683 and 693; *In re McManus*, 123 Cal.App.2d 395 [266 P.2d 929], and cases therein cited. Accordingly, it is contended that construing section 866.5 of the Penal Code, enacted in 1953 (Stats. 1953, chap. 1482), providing that the defendant may not be examined at the examination, unless he is represented by counsel, or unless he waives his right to counsel after being advised at such examination of his right to aid of counsel, it is the more logical conclusion that the Legislature intended a repeal of the first enactment of section 859 in 1951, pertaining to the duty to appoint counsel at the preliminary hearing, since there was no attempt to reinsert the omitted sentence in the later enactment.

*In re McManus, supra,* discusses the several authorities upon which the court relied in holding that when two laws upon the same subject, passed at different times at the same session of the Legislature, are inconsistent with each other, the one last passed must prevail. There it was clear that the two enactments under consideration were in apparent conflict and inconsistent with each other, and it was held, in considering the intention of the Legislature, that the one latest in point of time of enactment, i.e., approved by the Governor and filed with the Secretary of State, prevailed, citing *Davis v. Whidden,* 117 Cal. 618 [49 P. 766].

At the request of the district attorneys and judges of several municipal courts in the state the attorney general's office, on February 21, 1952 (19 Ops.Cal.Atty.Gen. p. 104), after exhaustive research, rendered an opinion on this same

question and held that the failure to carry the amendment contained in chapter 1160 into chapter 1608 did not show legislative intent to repeal the earlier enactment, but presented a case of inadvertent inconsistency. In that opinion the legislative history pertaining to the two enactments is set forth in detail, and recites:

"Chapter 1160 originated as Assembly Bill 1164. As originally introduced, its only effect was to amend Penal Code section 987a, relating to the compensation of counsel appointed to defend accused persons. At the second reading on April 12, 1951, another section was added to the bill, for the purpose of including in Penal Code section 859 the requirement now in question. With certain other amendments not relevant here, Assembly Bill 1164 was passed and approved and became chapter 1160 of the 1951 statutes.

"It had come to the notice of the Judicial Council that numerous sections of the Penal Code used the terms 'justice of the peace', 'justice's court', and 'township', and that under the plan adopted in 1949 for the reorganization of the inferior courts, these terms had become obsolete (1949 Cal. Stats. chap. 1510.) The research staff of the Judicial Council, therefore, drafted a bill, which, on January 18, 1951, was introduced in each house (S.B. 573, A.B. 1771) for the purpose of striking out the obsolete terminology and substituting where necessary the terms 'judge of the justice court', 'justice court', and 'judicial district'. These bills were passed and became chapter 1608 of the 1951 statutes. That the only purpose of Chapter 1608 was to clarify the law by making the changes mentioned above is demonstrated by the facts that no substantive changes were included, and that the corrections were ordered to take effect on January 1, 1952, *only* in the courts reorganized on that date (Id. sec. 31).

"Penal Code section 859 was one of the thirty sections found to contain obsolete terminology; it provided for the delivery of a message 'to any counsel whom the defendant may name, in the *city or township in* which the court is situated.' (Italics added.) The draftsman of chapter 1608, therefore, restated Penal Code section 859 as it appears in the 1949 edition of the code, substituting the correct term 'judicial district' for the obsolete term 'city or township'."

The author then plausibly explains the omission to include, in the restatement of section 859, the final paragraph added by chapter 1160, as follows, which we also adopt as our conclusion:

"The bills which became Chapter 1608 were introduced on January 18, before the bill which became Chapter 1160 had been amended on April 12, to provide for appointment of counsel. By chance, Chapter 1168, as amended to provide for the appointment of counsel, was passed and approved before Chapter 1608. Apparently, equally by chance, no one concerned with the progress of Chapter 1608 through the Legislature noticed that Penal Code section 859 was affected by other pending legislation. The discrepancy between the two chapters was thus obviously inadvertent, and was not the result of an intention to nullify the provisions of Chapter 1160 regarding the appointment of counsel."

The general rule relied upon by appellant is discussed in that opinion. We conclude that the following authorities, and those cited in the opinion of the attorney general, *supra,* support the conclusion here adopted: *People* v. *King,* 28 Cal. 265; *State* v. *Zorn,* 99 Mont. 63 [41 P.2d 513]; *Pond* v. *Maddox,* 38 Cal. 572; *Fletcher* v. *Prather,* 102 Cal. 413 [36 P. 658]; *City of Los Angeles* v. *Lelande,* 11 Cal.App. 302 [104 P. 717]; *People* v. *Pacific Improvement Co.,* 130 Cal. 442 [62 P. 739]; *Ex Parte Ruffin,* 119 Cal. 487 [51 P. 862]; *Hellman* v. *Shoulters,* 114 Cal. 136 [44 P. 915, 45 P. 1057]; *Childs* v. *Gross,* 41 Cal.App.2d 680 [107 P.2d 424]; Sutherland, Statutory Construction, § 1932; 4 Ops. Cal. Atty. Gen. 52; *People* v. *Mora,* 120 Cal.App.2d 896 [262 P.2d 594]; and *In re Jingles,* 27 Cal.2d 496, 498 [165 P.2d 12].

The next question presented is whether the superior court was, under the evidence produced, justified in concluding that defendant Williams "desired" counsel to defend him and whether he was unable to employ counsel. If so it was, under the section, the duty of the magistrate to assign counsel to defend him.

An examination of the testimony shows that the time between arraignment in the magistrate's court and the time for hearing the preliminary examination was only a matter of overnight, when defendant's ability to secure his own counsel, if he so desired, was, to say the least, somewhat limited. When he appeared for the hearing the magistrate propounded the question: "You didn't want to *hire* an attorney to represent you, is that right?" (Italics ours.) (The question was not whether he wanted the court to appoint or assign an attorney to represent him.) The defendant answered that he had "no money to hire one." The fact that he was able-bodied and could work did not preclude him from being classi-

fied as one unable to employ counsel when he was then confined in jail and accordingly unable to work. The statement of the magistrate indicates that he would not have appointed an attorney to represent the defendant at the preliminary hearing even though he had requested such assistance, due to the fact that the expense of such representation might fall upon the taxpayers.

 The right to counsel is a fundamental constitutional right which has been carefully guarded by the courts of this state. The accused has the right, in any criminal prosecution in any court whatever, to appear and defend, in person and with counsel. (Cal. Const. art. I, § 13.) At the preliminary examination the magistrate must inform the accused of his right to counsel, ask him if he desires counsel, and allow him a reasonable time to send for counsel. (*In re James*, 38 Cal.2d 302, 310 [240 P.2d 596].) See also *In re Masching*, 41 Cal.2d 530 [261 P.2d 251].

 The testimony produced supports the trial court's conclusion that from defendant's demeanor he did desire to have an attorney appointed to represent him, and had sufficiently complied with section 859 of the Penal Code entitling him to have counsel assigned to defend him at the preliminary examination.

In further support of the order, it may be said that by the showing made, the magistrate, for his own satisfaction, called the defendant to the witness stand and examined him in reference to the purported statement he made and signed, for the purpose of determining whether or not that statement was made under promises of immunity. These statements indicated defendant's presence at the scene of the alleged burglary that evening.

Section 866.5 of the Penal Code, adopted in 1953 (Stats. 1953, chap. 1482 [effective at the time of the preliminary hearing here involved]) provides that the defendant may not be examined at the examination, unless he is represented by counsel, or unless he waives his right to counsel after being advised at such examination of his right to aid of counsel. Since defendant was examined at the preliminary hearing, was not represented by counsel, and apparently did not waive such right, under the provisions of this section, the order of the trial court was authorized.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.